UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:10-cv-21505-ASG

LINDEL NELSON WATSON,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES.,

    Defendant,
_____/

## NOTICE OF PENDENCY OF OTHER ACTIONS

Plaintiff, LINDEL NELSON WATSON, pursuant to Rule 3.9, Local Rules for the U.S. District Court for the Southern District of Florida, files his Notice of Refiled Action as follows:

This action was previously filed with this Court styled as Lindel Nelson Waton v. Carnival Corporation d/b/a Carnival Cruise Lines, Case No. 09-22678 CIV-SEITZ/O'SULLIVAN and assigned to U.S. District Judge Patricia Seitz. This matter was remanded to State Court. See order attached as Exhibit "A". Defendant has now re-filed it without a substantial change in issue or parties. Plaintiff requests this case be transferred to the Judge whom the original was assigned pursuant to Local Rule 3.9.

Respectfully submitted by:

s/ Tonya Meister
**TONYA J. MEISTER, ESQ.**
Florida Bar No. 0629243
**MEISTER LAW, LLC**
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, Florida 33130
Phone: (305) 590-5570
Fax: (305) 675-3787
*Attorneys for Lindel Nelson Watson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Tonya J. Meister
**TONYA J. MEISTER**
**FLORIDA BAR NO: 0629243**

## SERVICE LIST

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDIAN ADMIRALTY

LINDEL NELSON WATSON v. CARNIVAL, d/b/a CARNIVAL CRUISE LINES
Case No.: 1:10-cv-21505-ASG

Curtis J. Mase, Esq.
Valentina Tejera, Esq.
Scott P. Mebane, Esq.
**MASE, LARA & EVERSOLE**
Attorney for Defendant
CARNIVAL CORPORATION
80 S.W. 8th Street
Suite 2700
Miami, Florida 33130
(305) 377-3770
(305) 377-0080 Facsimile
*cmase@mletrial.com*
*vtejera@mletrial.com*
*smebane@mletrial.com*
*Attorneys for Carnival Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22678-CIV-SEITZ/O'SULLIVAN

LINDEL NELSON WATSON,

        Plaintiff,

v.

CARNIVAL CORP.,

        Defendant.
_____/

## ORDER REMANDING TO STATE COURT

THIS MATTER is before the Court on Defendant's Notice of Removal [DE-1]. On July 10, 2009, Plaintiff, who was injured while working aboard Defendant's ship, filed his complaint in the Eleventh Judicial Circuit in and for Miami Dade County, Florida. The complaint alleges causes of action for Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure to treat, and for unpaid wages and penalties under 46 U.S.C. § 10313. On September 9, 2009, Defendant filed its Notice of Removal. In support of removal, Defendant relies on an exhibit attached to the Notice of Removal which is in Spanish. Because Defendant has failed to show by a preponderance of the evidence that removal was proper, this matter is remanded.

Defendant removed this case based on federal jurisdiction under 9 U.S.C. § 202. Pursuant to 9 U.S.C. § 205 a state court action may be removed to federal court if the action relates to an arbitration agreement. Under § 205, "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." Generally, removal statutes are construed narrowly. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Further, "the party invoking the court's jurisdiction bears the burden



of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Under 28 U.S.C. § 1447(c), the court shall remand if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

In support of its removal petition, Defendant filed a "Seafarer's Agreement," which Defendant alleges contains an arbitration clause. This is the sole basis for Defendant's removal of this matter. However, the Seafarer's Agreement attached to the Notice of Removal is in Spanish. "[I]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." *Rivas-Montano v. United StatesI*, 2006 WL 1428507, *1 (M.D.. Fla. 2006) (quoting *United States v. Rivera-Rosario*, 300 F.3d 1, 5, 7 n.4 (1st Cir.2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English")); *see also United States v. One 1988 Chevrolet Half-Ton Pickup Truck*, 357 F. Supp. 2d 1321, 1329 (S.D. Ala. 2005) (holding that if a claimant in a civil forfeiture case wished for the court to consider a document, it was incumbent on him to provide a certified translation); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 413-14 (1st Cir. 2000) (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation). Consequently, the Court ordered Defendant to file a certified translation of the Seafarer's Agreement. In response, Defendant filed a blank form entitled "Seafarer's Agreement," which is in English. Defendant filed no certification of any kind that would indicate that the blank English form is the same as the completed Spanish agreement. Thus, Defendant ignored the Court's Order by not filing a certified translation, and did not even file any type of certification that the blank form it filed is an accurate translation of

2

the Spanish agreement attached to the Notice of Removal. Despite being given an opportunity to do so, Defendant has failed to provide the Court with any evidence, let alone a preponderance of the evidence, that removal was proper.[1] Accordingly, it is

ORDERED that

1. This case is remanded to the Eleventh Judicial Circuit in and for Miami Dade County, Florida

2. Plaintiff's request for attorney's fees is DENIED.

3. All pending motions not otherwise ruled upon are denied as moot.

4. This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 22nd day of April, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

[1] Because the Court did not have the necessary documentation to assess the merits of the propriety of the removal in light of *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), the Court will deny Plaintiff's motion for attorney's fees.

3