UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21505-CIV-SEITZ/O'SULLIVAN

LINDEL NELSON WATSON,

        Plaintiff,
v.

CARNIVAL CORP.,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR REMAND

THIS MATTER is before the Court on Plaintiff's Motion for Remand [DE-12]. This matter arises from a claim by an injured seaman. On July 10, 2009, Plaintiff, who was injured while working aboard Defendant's ship, filed his complaint in the Eleventh Judicial Circuit in and for Miami Dade County, Florida. The complaint alleges causes of action for Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure to treat, and for unpaid wages and penalties under 46 U.S.C. § 10313. On September 9, 2009, Defendant filed its first Notice of Removal. On April 22, 2010, this Court remanded the case to state court because Defendant's first Notice of Removal failed to establish that removal was proper. On May 7, 2010, Defendant filed a second Notice of Removal. Because Defendant does not get two bites at the apple, Plaintiff's Motion to Remand is granted.

**Procedural History**

Defendant's first Notice of Removal was based on federal jurisdiction under 9 U.S.C. § 202. Pursuant to 9 U.S.C. § 205, a state court action may be removed to federal court if the action relates to an arbitration agreement. Defendant attached to its first Notice of Removal an exhibit, which was written in Spanish (the Seafarer's Agreement). The Seafarer's Agreement

was allegedly an employment contract between Plaintiff and Defendant and allegedly contained an arbitration provision. Defendant did not attach to the Notice of Removal a certified, or for that matter any, translation of the Seafarer's Agreement. Thereafter, the Court ordered Defendant to file a certified translation of the Seafarer's Agreement by October 13, 2009. The order also warned that failure to comply might result in remand. In response, Defendant filed a blank form entitled "Seafarer's Agreement," which was in English. Defendant filed no certification of any kind that would indicate that the blank English form was the same as the completed Spanish Seafarer's Agreement attached to the Notice of Removal. Thus, the Court found that Defendant had ignored the Court's Order and had failed to meet its burden, upon removal, of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. Consequently, on April 22, 2010, the Court remanded the case.

On May 7, 2010, Defendant filed its second Notice of Removal. Defendant's basis for removal was the same as the first time Defendant removed this action. However, this time Defendant attached to the Notice of Removal a certified translation of the Seafarer's Agreement. On June 29, 2010, Plaintiff filed the Motion for Remand presently before the Court.

**The Motion to Remand**

Plaintiff argues that the Court should remand this case because the second Notice of Removal amounts to a motion to vacate the prior remand order or a motion for reconsideration of that order; neither of which the law permits. In response, Defendant argues that nothing prohibits successive removals. For the reasons set forth below, Plaintiff's motion is granted.

First, the Court notes that Defendant's second Notice of Removal is untimely. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the receipt by the defendant of the pleading or other paper from which it "may be first ascertained that the case

2

is one which is or has become removable." Defendant became aware that this matter was removable upon service of the summons and complaint, which occurred on August 18, 2009. Clearly, Defendant's second Notice of Removal was not filed within thirty days of that date and Defendant has provided no authority that a successive notice relates back to an earlier notice of removal.

Further, Defendant had ample opportunity to correct the shortcomings of its first Notice of Removal and failed to do so. Defendant has not provided the Court with any authority that supports its proposition that it should be given a second chance to correct the shortcomings of its first Notice of Removal, particularly in light of the fact that no new evidence in support of removal has been offered by Defendant.

Plaintiff's Motion to Remand also seeks attorneys' fees based on 28 U.S.C. § 1447(c). Because Defendant's had no basis for filing its second Notice of Removal, Plaintiff's request for reasonable attorneys' fees is granted. Accordingly, it is

ORDERED that:

1. Plaintiff's Motion for Remand [DE-12] is GRANTED. This case is remanded to the Eleventh Judicial Circuit in and for Miami Dade County, Florida

2. Plaintiff's request for reasonable attorney's fees is GRANTED. Plaintiff shall file its motion for reasonable attorneys' fees by **August 26, 2010.**

3. All pending motions not otherwise ruled upon are denied as moot.

4. This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 5 day of August, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record